QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP
Claude M. Stern (Bar No. 96737)
claudestern@quinnemanuel.com
Evette D. Pennypacker (Bar No. 203515)
evettepennypacker@quinnemanuel.com
Gabriel S. Gross (Bar No. 254672)
gabegross@quinnemanuel.com
Justin B. Barnard (Bar, No. 261660)
justinbarnard@quinnemanuel.com
555 Twin Dolphin Drive, Suite 560
Redwood Shores, California 94065-2139
Telephone: (650) 801-5000
Facsimile: (650) 801-5100

Attorneys for Zynga Game Network, Inc.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

Zynga Game Network, Inc.,

    Plaintiff,

vs.

Green Patch, Inc.,

    Defendant.

CASE NO. CV 09 3636

**COMPLAINT FOR COPYRIGHT INFRINGEMENT;**

**DEMAND FOR JURY TRIAL;**

**CERTIFICATION OF INTERESTED ENTITIES OR PERSONS.**

Plaintiff Zynga Game Network, Inc. ("Zynga") brings this action against Defendant Green Patch, Inc. ("Green Patch") and complains as follows:

## THE NATURE OF THE ACTION

1. This is an action for copyright infringement relating to Plaintiff Zynga's highly successful online social network game *FarmVille*, published on the social networking site Facebook, and Defendant Green Patch Inc.'s unauthorized copying and deceptive use of the FarmVille computer code to create a competing game on Facebook called *(Lil) Farm Life*.

## THE PARTIES

2. Zynga Game Network, Inc. is a Delaware corporation with its principal place of business at 365 Vermont Street, San Francisco, California.

3. Zynga is informed and believes that Green Patch, Inc. is a Delaware Corporation with its principal place of business at 655 Castro Street, Mountain View, California.

## JURISDICTION AND VENUE

4. This action arises under the Copyright Act, 17 U.S.C. §§ 101 et seq.

5. This Court has subject matter jurisdiction over this action under the provisions of 28 U.S.C. §§ 1331 and 1338(a).

6. This Court has personal jurisdiction over Green Patch because Green Patch maintains its principal place of business in California, within this judicial District.

7. Venue is proper in this District under the provisions of 28 U.S.C. § 1391(c).

## INTRADISTRICT ASSIGNMENT

8. Because this action is an Intellectual Property Action within the meaning of Civil Local Rule 3-2(c), the action is to be assigned on a district-wide basis.

## GENERAL ALLEGATIONS

### Zynga's Business

9. Zynga was founded in February 2007 to bring a social element to casual online games, and is now the number one social gaming company and the top developer of Facebook applications. Facebook is an online social networking site that brings users into communication with one another via the Internet, largely through their contacts with mutual friends. Facebook enables its users to access, among other things, a wide array of third party-developed games and applications such as those developed by Zynga.

10. Zynga makes and distributes a variety of online social games, including casino-themed games, word games, board-type games, role-playing games and party games. Zynga's

games can be found on social networking sites including Facebook, MySpace, Bebo, Friendster, Tagged, MyYahoo and Hi5.

### Green Patch

11. On information and belief, in or around 2008, Green Patch published a Facebook application called *(Lil) Green Patch*, an application that simulates a small garden on a Facebook user's profile. On information and belief, at that time, Green Patch did not have other games in its portfolio. In late 2008, David King, Green Patch's principal, approached Zynga to discuss a possible acquisition of Green Patch by Zynga. No deal was reached between the two businesses.

12. After the acquisition discussions between Zynga and Green Patch ceased, Green Patch came out with a series of knock offs of Zynga's most popular online social games. On information and belief, Green Patch published *Mafioso* – a knock off of Zynga's popular *Mafia Wars*; Green Patch published *Poker Planet* – a knock off of Zynga's popular *Texas HoldEm Poker*; and Green Patch published *Fashionista* – a knock off of Zynga's popular *Fashion Wars* game. On or about July 31, 2009, Green Patch published its latest game, *(Lil) Farm Life*, a knock off of Zynga's *FarmVille*.

### Green Patch's Copying of Zynga's Copyrighted *FarmVille* Code

13. On June 19, 2009, Zynga published its farming-themed game, *FarmVille*. *FarmVille* recently became the most popular game on Facebook, with over 6 million daily active users and 17 million monthly active users. On information and belief, the rapid, exponential growth of the user base of *FarmVille* is attributable to Zynga's original programming, including but not limited to the design of its gifting interface embodied in its copyrighted computer code, which facilitates users' ability to encourage other Facebook users to play the *FarmVille* game.

14. Zynga owns the copyrights in the code for its *FarmVille* game and has registered that code with the United States Copyright Office. The Registration Number for the *FarmVille* code is TXu 1-610-517.

15. On or around July 31, 2009, Green Patch launched its *(Lil) Farm Life* application. On many levels, including in the code that is publicly visible to interested users, *(Lil) Farm Life* is nearly identical to Zynga's *FarmVille*.

16. On information and belief, Green Patch willfully and intentionally copied *FarmVille* code and used such code in its *(Lil) Farm Life* game. On information and belief, the *(Lil) Farm Life* code contains exact copies of important aspects of Zynga's *FarmVille* code.

17. As a result of Green Patch's actions in unlawfully copying Zynga's *FarmVille* code, Zynga has been and will continue to be injured in an amount to be established according to proof at trial.

18. As a result of Green Patch's actions in unlawfully copying Zynga's *FarmVille* code, Zynga has been and will continue to be irreparably injured. Zynga's injuries are not fully compensable in monetary damages.

## FIRST CLAIM FOR RELIEF

### (Copyright Infringement—17 U.S.C. § 101 *et seq.*)

19. Zynga hereby realleges, as if set forth fully herein, each and every allegation in the preceding paragraphs.

20. Zynga's code for the *FarmVille* online game is an original work of authorship fixed in a tangible medium of expression.

21. Zynga owns the copyright for the code for the *FarmVille* game, and has registered its copyright with the U.S. Copyright Office.

22. On information and belief, Green Patch willfully and intentionally violated Zynga's copyrights in the code for the *FarmVille* game by engaging in at least the following unauthorized and unlawful actions: (a) making unauthorized copies of Zynga's copyrighted code for the *FarmVille* game; (b) making unauthorized derivative works based upon Zynga's copyrighted *FarmVille* code in connection with defendant's competing *(Lil) Farm Life* game; and (c) distributing copies of Zynga's copyrighted code to the public.

23. Zynga has not licensed or otherwise authorized Green Patch to use its *FarmVille* computer code. As a consequence, Green Patch's reproduction, adaptation, and distribution of the *FarmVille* code infringes Zynga's exclusive rights as owner of the copyright in the *FarmVille* game code owned by Zynga.

24. Upon information and belief, Green Patch's willful infringement has undermined the value of the *FarmVille* game code, depriving Zynga of additional sales and goodwill.

25. Zynga is informed and believes, and on that basis alleges, that Green Patch has realized profit by virtue of its infringement of Zynga's copyright.

26. Because Green Patch's actions have caused, and will continue to cause, irreparable damage to Zynga for which it has no remedy at law, Zynga is entitled to a preliminary injunction and permanent injunction restraining and enjoining Green Patch and its agents, servants, employees, and all persons acting thereunder, in concert therewith or on their behalf, from copying, displaying, distributing, or otherwise using Zynga's copyrighted work in violation of 17 U.S.C. § 106.

27. Zynga is further entitled to an award of its damages and of defendant's profits attributable to such infringements, or, at Zynga's election, statutory damages in an amount up to $150,000 for each infringement.

28. Zynga is further entitled to recover the costs of suit and reasonable attorneys' fees, pursuant to 17 U.S.C. § 504.

## PRAYER FOR RELIEF

WHEREFORE, Zynga respectfully requests the following relief:

1. Judgment in favor of Zynga and against Green Patch on Zynga's copyright claim asserted in its Complaint;

2. That the Court grant Zynga (a) an award of lost profits, Green Patch's ill-gotten gains or profits, disgorgement, restitution and/or damages in an amount to be proven at trial, and trebled in light of Green Patch's willful conduct; or, alternatively, (b) maximum statutory damages of $150,000 under 17 U.S.C. § 504(c)(2), consistent with Green Patch's willful conduct;

3. That the Court grant Zynga pre-judgment interest on all such damages;

4. That the Court grant Zynga an award for reasonable attorneys' fees and costs of suit incurred herein;

5. That the Court grant Zynga such equitable relief as is requested above, including but not limited to a constructive trust in Zynga's favor, preliminary and permanent injunctive relief; and

6. That the Court award Zynga such other and further relief as the Court deems just and proper.

DATED: August 7, 2009          Respectfully submitted,

QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP

By: /s/ Claude Stern /JBR
Claude Stern

Attorneys for Plaintiff
Zynga Game Network, Inc.

## DEMAND FOR JURY TRIAL

In accordance with Federal Rule of Civil Procedure 38(b), Plaintiff Zynga Game Network, Inc. demands a trial by jury on all issues triable by jury.

DATED: August 7, 2009

QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP

By /s/ Claude Stern /JBB
Claude Stern

Attorneys for Plaintiff
Zynga Game Network, Inc.

## CERTIFICATION OF INTERESTED ENTITIES OR PERSONS

Pursuant to Civil Local Rule 3-16, the undersigned certifies that as of this date, other than the named parties, there is no such interest to report.

DATED: August 7, 2009

QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP

By Claude Stern /JBB
Claude Stern

Attorneys for Plaintiff
Zynga Game Network, Inc.