UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ZYNGA GAME NETWORK, INC., | No. C-09-3636 SC (EMC) |
| Plaintiff, | |
| v. | **ORDER RE PLAINTIFF'S LETTER OF OCTOBER 5, 2009** |
| GREEN PATCH, INC., | **(Docket No. 62)** |
| Defendant. | |

The Court has received a letter from Zynga, dated October 5, 2009, regarding yet another discovery dispute between the parties. The letter, discussing the propriety of objections made by Green Patch during depositions of its witnesses, was not a joint letter and stated only Zynga's position. Zynga claims that it was necessary to file the letter without input from Green Patch on the basis that Green Patch has been delaying the meet and confer process, thereby putting off resolution of the discovery dispute. Zynga seeks to have the discovery issue heard on October 7, 2009, although it also states that is happy to continue the meet-and-confer process.

The Court shall not entertain the discovery dispute on October 7, 2009, because the parties have not adequately met and conferred. Although the parties discussed the propriety of the objections during the depositions, the real meet-and-confer efforts did not begin until only recently – on September 30, 2009. Moreover, based on the evidence submitted, the meet-and-confer efforts have largely been written exchanges, which are not sufficient. A meaningful meet and confer must be in person.

However, to address Zynga's concern that Green Patch is using the meet-and-confer process to delay resolution of the discovery dispute, the Court shall set a hearing on the discovery dispute for **October 14, 2009, at 10:30 a.m.** If the parties are not able to resolve the dispute in its entirety through an in-person meet and confer, then they shall file a joint letter (no longer than five single-spaced pages) by October 9, 2009.

Finally, the Court reiterates that the conduct of the parties in this litigation has not been exemplary. The meet-and-confer process should not be used as a means to delay resolution of a discovery dispute; on the other hand, a *reasonable* request for time to assess a discovery dispute should be accommodated. The Court also reiterates that, if the parties continue to prove unable to work out even basic issues such as teeing up a discovery dispute for resolution, then it will recommend that a special master be appointed at the cost to the parties. The Court will also impose sanctions for any unjustified behavior.

This order disposes of Docket No. 62.

IT IS SO ORDERED.

Dated: October 6, 2009

_____
EDWARD M. CHEN
United States Magistrate Judge