UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

ZYNGA GAME NETWORK, INC.,

    Plaintiff,

    v.

GREEN PATCH, INC.,

    Defendant.
_____/

No. C-09-3636 SC (EMC)

**ORDER RE JOINT LETTER OF OCTOBER 2, 2009**

**(Docket Nos. 47, 60)**

    Green Patch has filed a motion for leave to file expedited discovery. Because Zynga agreed in principle that expedited discovery should be permitted and objected only to the scope of that discovery, the Court ordered the parties to meet and confer and submit a joint letter as to any remaining disputes. The parties submitted a letter on October 2, 2009, noting that they had reached agreement on some issues and discussing the disputes that were still remaining. The Court held a hearing on the remaining disputes on October 7, 2009.

    As the Court stated at the hearing, the parties should have been able to work out their differences on the majority of the remaining disputes. Accordingly, with the guidance provided below, the Court orders the parties to further meet and confer. As stated at the hearing, meet and confer shall be in-person. If all disputes are not resolved, a further in-person meet and confer shall be held with lead counsel for each party participating. This directive shall apply to all future discovery disputes.

A. RFPs Nos. 4 and 5

The document requests, as phrased, are overbroad, especially because, at this juncture, the Court is only evaluating discovery needed for the expected motion for preliminary injunction to be filed by Zynga. Green Patch should narrow the requests so that they seek only documents that have an explicit nexus to the codes in question and that directly bear on the issues of copyright protectability (*e.g.*, originality).[1] The Court does not preclude Green Patch from seeking broader discovery as the merits litigation proceeds.

B. RFPs Nos. 6-9

The parties appear to have reached an agreement that Zynga should identify one or two key custodians for each game at issue. (Apparently, on October 6, 2009, Zynga provided a list of six custodians.) As to what search terms should be used to search the e-mails and other electronic records, Zynga should perform a test search based on the terms proposed by Green Patch (*i.e.*, to determine the breadth of responsive documents); after that, the parties can further meet and confer as to whether Green Patch's search terms are appropriate.

C. Rog No. 6

Zynga should identify the key developers for the codes for each of the games at issue, state their titles, and briefly describe their roles. Zynga need not identify each and every person who may have had a role (*e.g.*, artist) in the development of the games at this juncture. To the extent Green Patch, upon reviewing documents, cannot determine what role a particular person played in order to determine context, then the Court expects that Zynga will cooperate in providing that information to Green Patch on an informal and expedited basis.

D. Timing

The Court shall not impose a limitation on Zynga as to when it can file its motion for preliminary injunction. The parties should meet and confer to ensure that Green Patch's opposition

///
///

---

[1] Green Patch need not re-serve formal document requests but should provide in writing to Zynga rephrased requests.

is not due until it has had sufficient time to obtain and review the expedited discovery provided by Zynga.

This order disposes of Docket Nos. 47 and 60.

IT IS SO ORDERED.

Dated: October 8, 2009

_____
EDWARD M. CHEN
United States Magistrate Judge