**United States District Court**
For the Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ZYNGA GAME NETWORK, INC., | No. C-09-3636 SC (EMC) |
| Plaintiff, | |
| v. | **ORDER RE JOINT LETTER OF OCTOBER 10, 2009** |
| GREEN PATCH, INC., | **(Docket No. 70)** |
| Defendant. _____/ | |

The parties filed a joint letter on October 10, 2009, regarding a discovery dispute. That dispute concerns the propriety of objections and instructions not to answer made by defense counsel during the 30(b)(6) deposition of Green Patch. A hearing was held on the discovery dispute on October 14, 2009.

The Court concludes that Judge Conti's order of August 31, 2009, *see* Docket No. 26 (order), is dispositive on the matter. In his order, Judge Conti specifically stated that "Zynga shall be entitled to notice and take one Fed. R. Civ. P. 30(b)(6) deposition . . . as set forth in the Deposition Notice[] attached as Exhibit C . . . to . . . Zynga's Motion." Docket No. 26 (Order at 2). Exhibit C identifies several subject matters for the 30(b)(6) deposition, including the following three topics: (1) "[t]he Copying of Zynga's Software Code that occurred in any other context, including in connection with the design or development of any Other Applications, including the roles and responsibilities of individuals involved in such Copying" (Topic No. 3); (2) "[y]our knowledge of Green Patch's Copying of Zynga's Software Code, and any steps taken in response to gaining that knowledge" (Topic No. 4); and (3) "[t]he extent to which all personnel involved in Copying

*FarmVille*, *Fashion Wars*, *Poker Planet*, and *Mafia Wars* Software Code participated in the design and development of Other Applications" (Topic No. 6).  Docket No. 13 (Mot, Ex. C).  Given the language in Judge Conti's order that Zynga was entitled not only to notice but also to take a 30(b)(6) deposition on such topics,[1] Green Patch should have -- to the extent it objected to such topics -- either moved for reconsideration of Judge Conti's order or moved for a protective order well in advance of the deposition.  Green Patch did neither.

Accordingly, consistent with Judge Conti's order, the Court shall order a continued 30(b)(6) deposition on Topics Nos. 3, 4, and 6.  To the extent the parties have disputes about whether questions concerning other topics should have been answered at the deposition, the Court orders the parties to further meet and confer to resolve the disputes consistent with the Court's remarks at the end of the hearing.  The Court also orders the parties to meet and confer to determine a date mutually agreeable for both parties for the continued 30(b)(6) deposition.  Given that the discovery is being taken for purposes of Zynga's filing a motion for preliminary injunction, the deposition should take place forthwith.

This order disposes of Docket No. 70.

IT IS SO ORDERED.

Dated: October 14, 2009

_____
EDWARD M. CHEN
United States Magistrate Judge

---

[1] *Compare* Docket No. 26 (Order at 2) (only permitting Zynga to serve written discovery, *i.e.*, clearly not barring objections to the written discovery).