UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ZYNGA GAME NETWORK, INC., | No. C-09-3636 SC (EMC) |
| Plaintiff, | |
| v. | **ORDER RE JOINT LETTER OF SEPTEMBER 15, 2010** |
| GREEN PATCH, INC., | **(Docket No. 102)** |
| Defendant. | |

Previously, the Court held a hearing on a discovery dispute between the parties and instructed the parties to further meet and confer. *See* Docket No. 99 (civil minutes). After meeting and conferring, the parties remained unable to reach any agreement. The parties submitted a joint letter on September 15, 2010, outlining their respective positions. Having considered the joint letter and accompanying submissions, as well as all other evidence of record, the Court hereby rules as follows.

(1) Request No. 38. This request asks for metric information related to each of the infringing games. Green Patch has represented that it did not maintain this information prior to its acquisition by Playdom. Green Patch shall certify such in a declaration. In addition, Green Patch shall use its best efforts to locate David King (its founder and CEO) and produce him for a deposition so that Zynga may explore, *e.g.*, the basis of statements that he allegedly made about metrics and whether Green Patch, despite those statements, failed to maintain any such information. To the extent Green Patch claims an inability to contact or locate Mr. King, the Court notes that Green Patch will bear the burden of proving that Mr. King is not within its control for purposes of

1  discovery. At this juncture, the Court shall not permit a 30(b)(6) deposition of Green Patch, with
2  respect to Green Patch's failure to maintain information specific to the games or to an alleged
3  destruction of such information. Nor shall the Court order at this stage a forensic inspection.[1]

4      (2)    Request No. 63. This request asks for documents reflecting any valuation of Green
5  Patch. Previously, the Court indicated that the request was overbroad. However, because Green
6  Patch is representing that it has no information specific to the infringing games, it is fair for Zynga
7  to obtain broader information, even though that information will implicate noninfringing games. If
8  it has no such documents, Green Patch shall certify by declaration that it did not maintain this
9  information. Otherwise, it shall be produced.

10      (3)    Request No. 64. This request asks for documents reflecting any valuation of
11  Playdom. The Court was previously of the view that this request was overbroad and maintains this
12  view. In contrast to Green Patch, Playdom does appear to keep valuation information specific to the
13  infringing games. Because that information is available to Zynga, and because Zynga has not shown
14  a "sufficient plausibility" that there is a causal connection between the infringing games and profits
15  from the noninfringing games, *Systems Am., Inc. v. Rockwell Software, Inc.*, No. C 03-02232 JF
16  (RS), 2007 WL 1593219, at *1-2 (N.D. Cal. June 1, 2007) (noting, *inter alia*, that plaintiff had
17  introduced unrebutted evidence that the defendant "touted its ability to offer [the infringing product]
18  in connection with its sales and marketing of all the products at issue"), Zynga is not entitled to
19  broad valuation information as to Playdom.

20      (4)    Request Nos. 65-66, 81, 83, 85, 86. These requests ask for documents related to
21  valuation of, financial projections for, and sales and revenues associated with the infringing games.
22  These requests are proper. Consistent with above, if it claims it has no such documents, Green Patch
23  shall certify by declaration that it did not keep this information specific to the infringing games.

---

[1] The Court notes that spoliation is an evidentiary doctrine under which a district court may, in its discretion, sanction a party that destroys evidence, if the party is on notice that the evidence is potentially relevant to litigation. *See United States v. Kitsap Physicians Serv.*, 314 F.3d 995, 1001 (9th Cir. 2002). At this point, Zynga is largely speculating that there was destruction of evidence after Green Patch had notice of or otherwise anticipated this lawsuit.

(5) Request Nos. 78-79. These requests ask for documents referring to efforts and plans to monetize and business plans for the infringing games. Consistent with the above, if it claims it has no such documents, Green Patch shall certify by declaration that it did not maintain this information specific to the infringing games.

(6) Request No. 87. This request asks for documents related to sales and revenues associated with Facebook. Consistent with the above, the Court concludes that, because Green Patch is representing that it has no financial information specific to the infringing games, it is fair for Zynga to obtain broader information, even though that information will implicate noninfringing games.

(7) Request No. 88. This request asks for documents related to Green Patch's financial information. Consistent with the above, the Court concludes that, because Green Patch is representing that it has no financial information specific to the infringing games, it is fair for Zynga to obtain broader information, even though that information will implicate noninfringing games. The one type of document that is excluded from production is Green Patch's tax returns.

(8) Request No. 89. This request asks for documents related to advertising and marketing expenditures for the infringing games. Consistent with the above, if it claims it has no such documents, Green Patch shall certify by declaration that it did not maintain this information specific to the infringing games.

(9) Requests Nos. 92-119. These requests ask for (a) documents related to the number of users for and the revenues and profits for the infringing games and (b) the number of users and the revenues and profits after the infringing code was eliminated from the games. If it claims it has no such documents, Green Patch shall certify by declaration that it did not maintain this information specific to the games.

///
///
///
///
///

Green Patch shall provide the required declaration and/or produce responsive documents within a week of the date of this order. The parties shall meet and confer to determine a mutually agreeable date for the deposition of Mr. King.

This order disposes of Docket No. 102.

IT IS SO ORDERED.

Dated: September 22, 2010

_____
EDWARD M. CHEN
United States Magistrate Judge

4