UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ZYNGA GAME NETWORK, INC., | No. C-09-3636 SC (EMC) |
| Plaintiff, | |
| v. | **ORDER RE JOINT LETTERS OF SEPTEMBER 30, 2010** |
| GREEN PATCH, INC., | **(Docket Nos. 104, 105)** |
| Defendant. | |

The parties have submitted two joint letters to the Court regarding pending discovery disputes. The Court addresses the disputes below.

A. <u>Compliance with Court's Order of September 22, 2010</u>

Previously, the Court issued an order requiring Green Patch to provide a declaration and/or responsive documents related to damages by September 29, 2010. *See* Docket No. 103 (order). Green Patch now asks that it be given an additional week to provide that information, *i.e.*, October 6, 2010. That day is the discovery cut-off date. *See* Docket No. 85 (Order at 1). Zynga opposes the request for an extension and further asks for multiple sanctions based on Green Patch's failure to provide the information by September 29, as the Court ordered.

Having considered the joint letter, the Court hereby rules as follows.

(1) Green Patch shall have until **5:00 p.m., October 4, 2010**, to comply with the Court's order of September 22, 2010.

(2) Zynga's request for sanctions is, as a general matter, denied because Green Patch has provided a plausible explanation with respect to its failure to comply with the Court's order of

1  September 22. Moreover, the more substantive sanctions requested by Zynga are largely premature.
2  For example, it is impossible to determine whether the trial date will need to be continued based on
3  Green Patch's production. Furthermore, a request to continue the trial date is ultimately a request
4  for relief that must be made to Judge Conti and not this Court. Similarly, it is not clear that Zynga
5  will need to take a deposition of a percipient witness at Green Patch or Playdom or provide a
6  supplemental expert report based on Green Patch's production.

7  Green Patch, however, is forewarned that the Court expects compliance by October 4, 2010,
8  as ordered above. Compliance by that date is particularly necessary, given that October 6, 2010, is
9  the day discovery closes. Although the Court is not making any prejudgment, it notes that, because
10 of the delay by Green Patch, Zynga may well be entitled to some limited relief with respect to the
11 discovery cut-off date, if good cause is shown. *See* Civ. L.R. 26-2 (providing that no motions to
12 compel may be filed more than 7 days after the discovery cut-off; also providing that discovery
13 responses or depositions after the discovery cut-off are not enforceable except by order of the court
14 for good cause shown).

15 B.  Depositions Noticed by Zynga

16 Zynga seeks to take a 30(b)(6) deposition of Green Patch related to damages and a 30(b)(6)
17 deposition of Playdom related to damages as well. The subpoena issued to Playdom included a
18 request for documents. Green Patch argues that the discovery should not be permitted because it
19 was not timely requested -- *i.e.*, Zynga did not provide reasonable notice in advance of the discovery
20 cut-off.

21 The Court shall allow the 30(b)(6) depositions of Green Patch and Playdom to take place
22 within a week after Green Patch's production on October 4, 2010 -- *i.e.*, by October 11, 2010.
23 (These 30(b)(6) depositions will likely obviate the need for Zynga to depose any percipient witness
24 from Green Patch or Playdom). Although this date is past the discovery cut-off, it is not
25 unreasonable given the protracted resolution of the damages discovery dispute between the parties.
26 The Court, however, shall not enforce that part of the subpoena issued to Playdom which consists of
27 a request for production of documents. Zynga could easily have asked, but did not ask, for any
28 damages discovery from Playdom which would allow for completion of production by the discovery

cut-off date. The notice period for the document requests appended to the subpoena is insufficient. *See* Fed. R. Civ. P. 45(c)(3)(A)(I) (providing that a court must quash or modify a subpoena that fails to allow a reasonable time to comply). *See, e.g.*, *Fox v. Traverse City Area Pub. Schs. Bd. of Educ.*, No. 1:07-cv-956, 2009 U.S. Dist. LEXIS 18095, at *3 (W.D. Mich. Mar. 10, 2009) (noting that "[w]hat is reasonable depends on the circumstances of the case, but at least 10 days' notice is customarily expected") (internal quotation marks omitted).

C.  Green Patch's Rebuttal Expert Report

Green Patch asks for an extension of time to serve its rebuttal expert report because it needs to take the 30(b)(6) deposition of Zynga in order for the expert to prepare the report, and Zynga has delayed the 30(b)(6) deposition past the discovery cut-off date. Green Patch's request is reasonable and therefore it is granted. Even though Green Patch's rebuttal expert report is confined to the scope of Zynga's opening expert report, Zynga has failed to establish that nothing in the 30(b)(6) will be informative for the rebuttal report.

D.  Future Discovery Disputes

Although discovery in this case is coming to a close, which will eventually obviate the need for any discovery rulings from this Court, the Court notes that it still expects the parties to meet and confer *in good faith* regarding any remaining disputes prior to asking for judicial intervention and resolution. Each of the above disputes was not complicated and should have been resolved by the parties without the need for any judicial intervention. The parties are both forewarned that a party risks imposition of sanctions if a discovery dispute is brought to the Court and its position is not substantially justified.

This order disposes of Docket Nos. 104 and 105.

IT IS SO ORDERED.

Dated: September 30, 2010

_____
EDWARD M. CHEN
United States Magistrate Judge

3