UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ZYNGA GAME NETWORK, INC., | No. C-09-3636 SC (EMC) |
| Plaintiff, | |
| v. | **ORDER RE JOINT LETTER OF OCTOBER 11, 2010** |
| GREEN PATCH, INC., | **(Docket No. 119)** |
| Defendant. | |

The parties have filed a joint letter regarding a discovery dispute. The dispute concerns the 30(b)(6) depositions of Green Patch and Playdom. Having reviewed the parties' letters and accompanying submissions, the Court hereby rules as follows.

A.  General

Previously, the Court issued an order allowing the 30(b)(6) depositions of Green Patch and Playdom. *See* Docket No. 107 (order). Green Patch and Playdom had objected to the depositions solely on the basis of timeliness. *See* Docket No. 105 (joint letter). Because Green Patch and Playdom previously failed to specify objections on any other basis, the Court largely rejects their attempts to raise objections now. For example, the Court will not entertain Green Patch and Playdom's argument that the Court authorized only depositions related to damages. The Court, however, shall consider certain objections, for instance, where relevance or overbreadth is an issue or where allowing discovery would be inconsistent with the Court's prior orders.

///

///

B. <u>Green Patch Deposition</u>

1. <u>Topic No. 3</u>

Zynga seeks to depose Green Patch about metrics information. Green Patch has agreed to provide a witness with respect to its own games. Zynga argues that it needs metrics information about Playdom games, and not just Green Patch games, because users are encouraged to play Playdom games after playing Green Patch games, as Green Patch admits in responses to requests for admission. *See* Joint Letter, Ex. D (responses to RFAs Nos. 38-44). In light of the responses, the Court shall permit discovery not only with respect to Green Patch games but also with respect to Playdom games that were cross-promoted with the Green Patch games.

2. <u>Topic No. 10</u>

Zynga seeks to depose Green Patch about financial consideration that Green Patch received as a result of the acquisition of Green Patch by Playdom. The Court shall permit this discovery as it is consistent with its prior discovery order. *See* Docket No. 103 (Order at 2) (discussing Request No. 63, which asked for documents reflecting any valuation of Green Patch; concluding that, "because Green Patch is representing that it has no information specific to the infringing games, it is fair for Zynga to obtain broader information, even though that information will implicate noninfringing games").

3. <u>Topic No. 11</u>

Zynga seeks to depose Green Patch about financial consideration that Green Patch received as a result of the acquisition of Playdom by Disney. The Court shall not permit this discovery because it has at best little to no relevance. Unlike the acquisition of Green Patch by Playdom, the acquisition of Playdom by Disney has too remote a connection to the instant litigation.

4. <u>Topic Nos. 14-24</u>

Zynga seeks to depose Green Patch about its affirmative defenses. Green Patch's contention that such discovery is better suited to interrogatories rather than a 30(b)(6) deposition is well taken. Zynga could have moved to compel if it believed Green Patch's interrogatory responses were inadequate but it did not do so. This matter is better suited for discovery by interrogatory.

C. <u>Playdom Deposition</u>

1. <u>Topic No. 3</u>

Zynga seeks to depose Playdom about metrics information. Playdom has agreed to provide a witness with respect to Green Patch games only. In light of Green Patch's responses to the requests for admission, the Court shall permit discovery not only with respect to Green Patch games but also with respect to Playdom games that were cross-promoted with the Green Patch games.

2. <u>Topic No. 8</u>

Zynga seeks to depose Playdom about its acquisition of Green Patch. As phrased, the deposition topic is overbroad. The Court shall allow discovery on the acquisition as its relates to the infringing games at issue. In addition, consistent with the Court's prior order, the Court shall allow discovery on any valuation of Green Patch as part of the acquisition. *See* Docket No. 103 (Order at 2) (discussing Request No. 63, which asked for documents reflecting any valuation of Green Patch; concluding that, "because Green Patch is representing that it has no information specific to the infringing games, it is fair for Zynga to obtain broader information, even though that information will implicate noninfringing games").

3. <u>Topic No. 11</u>

Zynga seeks to depose Playdom about financial consideration that Green Patch received as a result of the acquisition of Green Patch by Playdom. As stated above, this discovery is permissible.

4. <u>Topic No. 12</u>

Zynga seeks to depose Playdom about financial consideration that Green Patch received as a result of the acquisition of Playdom by Disney. The Court shall not permit this discovery because it

///
///
///
///
///
///
///

has at best little to no relevance. Unlike the acquisition of Green Patch by Playdom, the acquisition of Playdom by Disney has too remote a connection to the instant litigation.

This order disposes of Docket No. 119.

IT IS SO ORDERED.

Dated: October 13, 2010

_____
EDWARD M. CHEN
United States Magistrate Judge