UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ZYNGA GAME NETWORK, INC., | No. C-09-3636 SC (EMC) |
| Plaintiff, | |
| v. | **ORDER RE JOINT LETTER OF OCTOBER 25, 2010** |
| GREEN PATCH, INC., | **(Docket No. 164)** |
| Defendant. | |

In accordance with this Court's order of October 15, 2010, *see* Docket No. 136 (order), the parties have provided a joint letter providing an update as to their dispute regarding RFPs Nos. 160-62. Having reviewed the joint letter, the Court hereby rules as follows.

A. <u>RFP No. 160</u>

In RFP No. 160, Zynga asks Green Patch to produce documents sufficient to identify efforts made by Green Patch, Playdom, or Disney to encourage users of the allegedly infringing games to play other Green Patch, Playdom, or Disney games. In the joint letter, Green Patch states that it is willing to provide documents "sufficient to show if users from the [allegedly infringing games] cross-promoted into a Playdom game." Joint Letter at 2. In effect, Green Patch is willing to provide information about the results of the cross-promotion.

The problem for Green Patch is that the document request is broader (albeit not as broad as Zynga claims[1]). More specifically, the request asks for information about "efforts" to cross-

---

[1] According to Zynga, the request asks for documents "relating to the topic of cross-promotion." Joint Letter at 2.

promote. While the term "efforts" is somewhat ambiguous, the basic thrust of the document request is still understandable – *i.e.*, Zynga wants to know what was done to try to get users of the allegedly infringing games to play other games. For example, when a user played an allegedly infringing game, was there an advertisement on that game promoting other games? Was a user of an allegedly infringing game ever contacted via e-mail or other means to be given information about other games?

Because the basic thrust of the document request is understandable, the Court shall compel Green Patch to produce responsive information. However, as Green Patch points out, the document request asks only for documents "sufficient to identify." Therefore, Green Patch need only produce enough documents to show the kind and extent of efforts it engaged in to cross-promote.

B.  RFP No. 161

In RFP No. 1, Zynga asks Green Patch to produce documents sufficient to identify the financial success of any efforts by Green Patch, Playdom, or Disney to cross-promote. In the joint letter, Green Patch states that it is willing to provide "a report of how much money users of Green Patch games at issue spent in Playdom games after playing the Green Patch games." Joint Letter at 2. In response, Zynga argues that Green Patch should provide information about money made "not just directly through users" but also money made from other sources – *e.g.*, "advertisers or offer-providers." Joint Letter at 2.

The Court shall not require Green Patch to provide the additional information Zynga seeks. While Zynga has shown a "sufficient plausibility" that there is a causal connection between the infringing games and profits from the noninfringing games with respect to users (*i.e.*, cross-promotion), *Systems Am., Inc. v. Rockwell Software, Inc.*, No. C 03-02232 JF (RS), 2007 WL 1593219, at *1-2 (N.D. Cal. June 1, 2007) (noting, inter alia, that plaintiff had introduced unrebutted evidence that the defendant "touted its ability to offer [the infringing product] in connection with its sales and marketing of all the products at issue"), it has not made the same showing with respect to, *e.g.*, advertisers.

C.  RFP No. 162

The parties have resolved their dispute with respect to RFP No. 162.

2

D. <u>Timing of Production for RFPs Nos. 160-62</u>

Zynga asks that Green Patch be compelled to provide information responsive to RFPs Nos. 160-62 by October 27, 2010. This request is denied. These document requests were first served on September 3, 2010. The parties first raised the discovery dispute regarding the requests on October 13 and 14, 2010. The Court issued its order requiring the parties to further meet and confer on October 15, 2010. The parties reported back on their efforts on October 25, 2010. Given this timeline, the Court concludes that it is unreasonable to give Green Patch only two days to produce responsive documents.

On the other hand, the Court shall not give Green Patch an indefinite period of time to produce responsive documents. The Court shall give Green Patch until Monday, November 1, 2010, to produce documents required by this Court's order.

E. <u>RFPs Nos. 163-64</u>

Although Green Patch has a duty to supplement under Federal Rule of Civil Procedure 26(e), the Court does not entertain Zynga's argument that Green Patch is not meeting that duty with respect to RFPs Nos. 163 and 164. As Green Patch notes, any request for relief with respect to these requests is not timely. Discovery closed on October 6, 2010. Under the Civil Local Rules, Zynga was required to file a motion to compel seven days later. Zynga could have moved to compel further responses to RFPs Nos. 163 and 164 but failed to do so.

As a practical matter, the Court notes that Zynga is not irreparably prejudiced because of its untimely request for relief. The critical information sought in RFPs Nos. 163 and 164 is already covered by RFPs Nos. 160-62 and already subject to this Court's order of October 26, 2010.

This order disposes of Docket No. 164.

IT IS SO ORDERED.

Dated: October 26, 2010

_____
EDWARD M. CHEN
United States Magistrate Judge